UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

DANILO CONCEPCION,

                Plaintiff,

   v.                                                 9:18-CV-1151
                                                             (GTS/DEP)

NURSE DANA, et. al.,

                Defendant(s).

---

APPEARANCES:

DANILO CONCEPCION
31974
Plaintiff, Pro se
Oneida County Correctional Facility
6075 Judd Road
Oriskany, NY 13424

GLENN T. SUDDABY
Chief United States District Judge

**DECISION AND ORDER**

**I.    INTRODUCTION**

Pro se plaintiff Danilo Concepcion ("Plaintiff") commenced this action by filing a civil rights Complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") with a request for leave to proceed in forma pauperis. Dkt. No. 1 ("Compl."), Dkt. No. 5 ("IFP Application"). In the Complaint, Plaintiff asserted deliberate medical indifference claims related to his confinement at Oneida County Jail ("Oneida C.J."). *See generally*, Compl. By Decision and Order filed October 25, 2018 (the "October Order"), the Court granted Plaintiff's IFP application and reviewed the sufficiency of the Complaint in accordance with 28 U.S.C. § 1915(e) and 28

1

U.S.C. § 1915A. *See* Dkt. No. 8. On the basis of that review, the Court dismissed the Complaint for failure to state a claim upon which relief could be granted. *See id.* In light of his pro se status, Plaintiff was afforded an opportunity to submit an Amended Complaint. *See id.* at 12. Presently before the Court is Plaintiff's Amended Complaint. Dkt. No. 13 ("Am. Compl.").

## II.     REVIEW OF THE AMENDED COMPLAINT

### A.     Legal Standard

The legal standard governing the dismissal of a pleading for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) was discussed at length in the October Order and it will not be restated in this Decision and Order. *See* Dkt. No. 8 at 2-4.

### B.     Summary of Amended Complaint

On August 30, 2018, at approximately 10:30 a.m., Plaintiff was called to medical to receive his diabetic insulin shot. Am. Compl. at 2. Defendant Nurse Dana ("Dana") administered the wrong medication causing Plaintiff to lose control of his bladder and suffer short term memory loss. *Id.* Dana admitted that she administered the wrong medication and was aware that Plaintiff should have remained in the infirmary under medical supervision. *Id.* However, Dana directed Plaintiff to return to his pod. *Id.*

At approximately 3:30 p.m., when Plaintiff was supposed to receive his second dose of medication, Correction Officer John Doe found Plaintiff unconscious in his cell. Am. Compl. at 2. When Plaintiff regained consciousness, he was in the infirmary with Dana and his blood sugar was low. *Id.*

Construing the Amended Complaint liberally, Plaintiff asserts deliberate medical indifference claims and state law claims against Dana and new defendant, Correctional Medical Care, Inc. ("CMC").[1]  *See generally,* Am. Compl.

**C.    Analysis**

    **1.    Claims Against CMC**

Courts have treated CMC as a municipality or a quasi-municipality when analyzing civil rights claims against it and have addressed claims under the standards set forth in *Monell v. Department of Social Services*, 436 U.S. 658 (1978).  *See Iacovangelo v. Correctional Medical Care, Inc.*, 624 Fed. App'x 10, 13 (2d Cir. 2016) (summary order); *Tutora v. Corr. Med. Care, Inc.*, No. 9:10-CV-0207 (MAD/TWD), 2012 WL 1898871, at *9 (N.D.N.Y. Apr. 30, 2012), report and recommendation adopted, No. 9:10-CV-207 (MAD/TWD), 2012 WL 1898915 (N.D.N.Y. May 23, 2012) (citing cases).  In order to plead a *Monell* claim, "a plaintiff must allege the existence of a formal policy which is officially endorsed by the municipality, or a practice so persistent and widespread that it constitutes a custom or usage of which supervisory authorities must have been aware, or that municipal custom, policy, or usage can be inferred from evidence of deliberate indifference of supervisory officials to such abuses." *Iacovangelo*, 624 Fed. App'x at 13.  "A single incident alleged in a complaint, especially if it involved only actors below the policy-making level, does not suffice to show a municipal policy."  *DeCarlo v. Fry*, 141 F.3d 56, 61 (2d Cir. 1998) (citations omitted).

Upon review, and with due regard for Plaintiff's status as a pro se litigant, the Court finds that Plaintiff has not alleged facts which plausibly suggest that one of "three methods of

---

[1]    The Clerk of the Court is directed to add CMC as a defendant herein.

3

pleading a *Monell* claim have been met here." *Iacovangelo*, 624 Fed. App'x at 13-14.

Based upon the foregoing, Plaintiff's claims against CMC are dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1).

### 3. Claims Against Dana

In the Amended Complaint, Plaintiff realleges his deliberate medical indifference claim against Dana. Am. Compl. at 2. The law related to Eighth and Fourteenth Amendment deliberate medical indifference claims was discussed in the October Order and will not be restated herein.[2] *See* Dkt. No. 8 at 7-9

In the October Order, the Court dismissed all claims against Dana holding:

> Plaintiff claims that Nurse Dana violated his constitutional rights when he/she administered the "wrong medication." Compl. at 2. The Complaint however, lacks facts suggesting that Dana acted with a culpable state of mind. Indeed, Plaintiff admits that medical staff provided treatment, monitored his blood sugar, and transferred him to the infirmary. *Id.* The allegations against Dana amount to a disagreement with the nature of treatment and not a violation of Plaintiff's constitutional rights. *See Wright v. Conway*, No. 05- CV-6723, 584 F.Supp.2d 604, 607 (W.D.N.Y. Nov. 5, 2008) ("[the plaintiff's] complaints demonstrate no more than his personal dissatisfaction with the level of care that he received, and these claims must therefore be dismissed."); *see Sonds v. St. Barnabas Hosp. Corr. Health Servs.*, 151 F.Supp.2d 303, 312 (S.D.N.Y. 2001) ("[D]isagreements [between a prisoner and prison officials] over medications . . . are not adequate grounds for a section 1983 claim. These issues implicate medical judgments and, at worst, negligence amounting to medical malpractice, but not the Eighth Amendment.") [citation omitted].

---

[2] In the October Order, the Court noted that, "it is unclear whether Plaintiff was an inmate or a pretrial detainee at the time of the events alleged in the Complaint." Dkt. No. 8 at 7. The Amended Complaint does not provide any clarity to that issue.

4

> Even if Nurse Dana's decisions surrounding Plaintiff's treatment implicate medical malpractice or negligence, the issues do not give rise to an Eighth Amendment violation. *See Hendricks v. Coughlin*, 942 F.2d 109, 113 (2d Cir. 1991) (holding that proof of negligence will not give rise to a constitutional violation); *see McNamee v. Schoharie County Jail*, 06-CV- 1364 (LED/GHL), 2008 WL 686796, at *6-7 (N.D.N.Y. March 10, 2008).

Dkt. No. 8 at 9-10.

In the Amended Complaint, Plaintiff appears to allege that Dana knew that she had administered the wrong diabetic medication before she directed him to return to his cell rather than keep him in the infirmary to supervise his reaction. Am. Compl. at 2. At this juncture, Plaintiff has satisfied the objective prong of the deliberate medical indifference standard. *See Green v. McLaughlin*, 480 F. App'x 44, 48 (2d Cir. 2012); *Cokley v. Correct Care Sols. LLC*, No. 10 CIV. 8388, 2013 WL 5496148, at *6 (S.D.N.Y. Oct. 1, 2013) (reasoning that the plaintiff's diabetic condition, requiring the correct administration of insulin throughout the course of the day, satisfied the objective standard).

As for the subjective prong, although a difference of opinion about treatment is not deliberate indifference, a treatment plan that so deviates from acceptable medical practice such that the defendant had to be aware it was medically inadequate could be deliberate indifference. *See Stevens v. Goord*, 535 F.Supp.2d 373, 384-85 (S.D.N.Y. 2008); *Parks v. Blanchette*, 144 F.Supp.3d 282, 315 (D. Conn. 2015) (noting that courts "have denied summary judgment where a reasonable jury could conclude that conduct was a substantial departure from accepted professional judgment and that the evidence of risk was sufficiently obvious to infer the defendants' actual knowledge of a substantial risk to plaintiff"). Here, knowingly returning Plaintiff to his cell appears to be such a deviation. *See Cokley*, 2013 WL

5

5496148, at *6 ("The parties do not dispute that . . . the incorrect administration of insulin may, under certain circumstances, cause serious health problems for a diabetic individual; or, that the administration of excessive insulin to Plaintiff necessitated careful monitoring and subsequent medical care.").

At this juncture, the Eighth/Fourteenth Amendment claim against Dana survives sua sponte review and requires a response. In so ruling, the Court expresses no opinion as to whether this claim can withstand a properly filed dispositive motion.

Plaintiff also claims that Dana violated "Corr. Law § 131 when she failed to take reasonable steps to ensure [sic] in order with minimum standards." *See* Am. Compl. at 3. To the extent that Plaintiff attempts to assert state law claims against defendant in her personal capacity, those claims are barred by New York Correction Law § 24.

New York Correction Law § 24(1) provides:

> No civil action shall be brought in any court of the state, except by the attorney general on behalf of the state, against any officer or employee of the department, which for purposes of this section shall include members of the state board of parole, in his or her personal capacity, for damages arising out of any act done or the failure to perform any act within the scope of the employment and in the discharge of the duties by such officer or employee.

*See Baker v. Coughlin*, 77 F.3d 12, 15 (2d Cir. 1996).

Courts look at the following factors to determine whether a defendants' action is within the scope of employment:

> the connection between the time, place and occasion for the act; the history of the relationship between employer and employee as spelled out in the actual practice; whether the act is one commonly done by any employee; the extent of departure from normal methods

> of performance; and whether the specific act was one
> that the employer could have reasonably anticipated.

*Ierardi v. Sisco*, 119 F.3d 183, 187 (2d Cir. 1997) (quotations and citations omitted).

"Claims for damages arising out of a DOCCS employee's act performed within the scope of his employment may be maintained in the New York Court of Claims as a claim against the State of New York." *Heyliger v. Gebler*, No. 06-CV-6220, 496 F.Supp.2d 250, 252 (W.D.N.Y. July 24, 2007).

The test to determine whether a defendant's actions fall within the scope of his/her employment is "whether the act was done while the servant was doing his master's work no matter how irregularly, or with what disregard of the instructions." *Cruz v. New York*, No. 13-CV-6131, 24 F.Supp.3d 299, 309 (W.D.N.Y. June 6, 2014) (citing *Cepeda v. Coughlin*, 128 A.D.2d 995, 996 (3d Dep't 1987)).

Here, Defendant was on duty in the county jail at the time of the alleged constitutional violations. The Amended Complaint lacks any facts to plausibly suggest that Defendant acted outside the scope of her employment. Accordingly, Plaintiff's state law claim against Defendant in her individual capacities is dismissed for lack of subject matter jurisdiction.

### III. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that the Amended Complaint (Dkt. No. 13) is accepted for filing and is the operative pleading; and it is further

**ORDERED** that the Clerk shall amend the docket to include CMC as a defendant; and it is further

**ORDERED** that Plaintiff's deliberate medical indifference claim against Nurse Dana

survives review and requires a response; and it is further

**ORDERED** that all remaining claims are **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted;[3] and it is further

**ORDERED** that CMC is **DISMISSED** as a defendant to this action; and it is further

**ORDERED**, that the Clerk shall issue a summons and forward it, along with copies of the Amended Complaint, to the United States Marshal for service upon the defendant. The Clerk shall forward a copy of the summons and Amended Complaint to the Office of the Attorney General, together with a copy of this Decision and Order; and it is further

**ORDERED**, that a response to the Amended Complaint be filed by defendant, or her counsel, as provided for in the Federal Rules of Civil Procedure; and it is further

**ORDERED**, that all pleadings, motions and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367. **Any paper sent by a party to the Court or the Clerk must be accompanied by a certificate showing that a true and correct copy of same was served on all opposing parties or their counsel. Any document received by**

---

[3] Generally, when a district court dismisses a *pro se* action *sua sponte*, the plaintiff will be allowed to amend his action. *See Gomez v. USAA Fed. Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999). However, an opportunity to amend is not required where the plaintiff has already been afforded the opportunity to amend. *See Shuler v. Brown*, No. 9:07-CV-0937 (TJM/GHL), 2009 WL 790973, at *5 & n.25 (N.D.N.Y. March 23, 2009) ("Of course, an opportunity to amend is not required where the plaintiff has already amended his complaint."), *accord, Smith v. Fischer*, No. 9:07-CV-1264 (DNH/GHL), 2009 WL 632890, at *5 & n.20 (N.D.N.Y. March 9, 2009); *Abascal v. Hilton*, No. 9:04-CV-1401 (LEK/GHL), 2008 WL 268366, at *8 (N.D.N.Y. Jan.130 2008); *see also Yang v. New York City Trans. Auth.*, 01-CV-3933, 2002 WL 31399119, at *2 (E.D.N.Y. Oct. 24, 2002) (denying leave to amend where plaintiff had already amended complaint once); *Advanced Marine Tech. v. Burnham Sec., Inc.*, 16 F. Supp.2d 375, 384 (S.D.N.Y. 1998) (denying leave to amend where plaintiff had already amended complaint once); *cf. Foman v. Davis*, 371 U.S. 178, 182 (1962) (denial of leave to amend not abuse of discretion movant has repeatedly failed to cure deficiencies in pleading).

**the Clerk or the Court which does not include a proper certificate of service will be stricken from the docket.** Plaintiff must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action. All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions. **Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; their failure to do so will result in the dismissal of his action**; and it is further

    **ORDERED** that the Clerk of the Court shall serve a copy of this Decision and Order on Plaintiff in accordance with the Local Rules.

Dated:    February 12, 2019
              Syracuse, NY

                                              Hon. Glenn T. Suddaby
                                              Chief U.S. District Judge