UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DANILO CONCEPCION

                              Plaintiff,

           v.                                               9:18-CV-1151
                                                               (GTS/ML)

NURSE DANA,

                              Defendant.
_____

APPEARANCES:

DANILO CONCEPCION
Plaintiff, pro se
31974
**(last known address)**
Oneida County Correctional Facility
6075 Judd Road
Oriskany, NY 13424

GLENN T. SUDDABY
Chief United States District Judge

**ORDER**

I.     **INTRODUCTION**

       In September 2018, pro se plaintiff Danilo Concepcion ("Plaintiff") commenced this civil rights action asserting deliberate medical indifference claims arising out of his confinement Oneida County Correctional Facility ("Oneida County C.F."). Dkt. No. 1 ("Compl."). By Decision and Order filed October 25, 2018 (the "October Order"), the Court granted Plaintiff's IFP application and reviewed the sufficiency of the Complaint in accordance with 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A. Dkt. No. 8. On the basis of that review, the Court dismissed the Complaint for failure to state a claim upon which relief

could be granted. *See id.* In light of his pro se status, Plaintiff was afforded an opportunity to submit an Amended Complaint. *See id.* at 12. On December 10, 2018, Plaintiff filed an Amended Complaint. Dkt. No. 13. In a Decision and Order filed February 12, 2019 (the "February Order"), the Court reviewed the sufficiency of the Amended Complaint and directed defendant Nurse Dana ("Dana") to respond to the claims. Dkt. No. 14.

On February 12, 2019, the Clerk issued a summons to Dana. Dkt. No. 15. On April 23, 2019, the Clerk reissued the summons to Dana, after the first summons was returned "unexecuted." Dkt. Nos. 17 and 18.

On July 1, 2019, the Court issued an Order (the "July Order") reassigning the case to Magistrate Judge Lovric. Dkt. No. 20. A copy of the July Order was mailed to Plaintiff at Oneida County C.F. *See id.* On July 15, 2019, the July Order was returned and marked "Return to Sender, Refused, Unable to Forward". Dkt. No. 21. Because Plaintiff had not provided a Notice of Change of Address, a second copy of the July Order was mailed again to Plaintiff at Oneida County C.F.

On July 17, 2019, service of process was effected upon Dana and the summons was personally accepted by "Nancy Menter - Health Services" on Dana's behalf. Dkt. No. 22.

On August 5, 2019, July Order was returned and marked "Return to Sender - Not at Address." Dkt. No. 23. A review of the Oneida County Correctional Facility's Inmate list did not reveal Plaintiff's name.[1]

On September 19, 2019, the Court issued a Text Order (the "September Order") directing the Oneida County Attorney to provide a status report regarding their representation

---

[1] *See* http://oneidacountysheriff.us/inmate/inmatelist.aspx (visited Aug. 16, 2019).

of Dana. Dkt. No. 24. A copy of the September Order was mailed to Plaintiff at Oneida County C.F. *Id*. On September 19, 2019, the September Order was returned and marked "Return to Sender, Refused, Unable to Forward". Dkt. No. 25.

On September 23, 2019, the Law Offices of Steinberg, Symer & Platt, LLP entered a Notice of Appearance on behalf of CBH Medical PC and SM Dental PC. Dkt. No. 26. Counsel also filed a letter motion seeking leave to file a Rule 12(b)(4) motion or, in the alternative, for an extension of time to file an answer to the Amended Complaint. Dkt. No. 27.

## II. SUBMISSION ON BEHALF OF CBH MEDICAL AND SM DENTAL

Counsel for CBH Medical, PC and SM Dental, PC seeks leave to file a dispositive motion asserting that, "[t]he basis for the requested relief is there is no individual named Dana (first or last name) employed as a Nurse or healthcare provider at Oneida County Correctional Facility at the time of the alleged occurrence or to the present." Dkt. No. 27. Counsel further claims that the summons was not personally delivered to "Nurse Dana" and that the Health Services Administrator advised the U.S. Marshal that no one by the name of Nurse Dana was employed at the facility.[2] *Id*.

CBH Medical, PC and SM Dental, PC are not identified in the caption of the Complaint, the Amended Complaint, or otherwise referred to as defendants in this action. Rule 24(a) of the Federal Rules of Civil Procedure provides, on timely motion, the court must permit a non-party to intervene who: (1) is given an unconditional right to intervene by a federal statute; or (2) claims an interest relating to the property or transaction that is the

---

[2] Counsel did not provide an affidavit from the Health Services Administrator or any other evidence substantiating this claim.

3

subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest. The Court does not construe counsel's letter as a motion to intervene. Furthermore, the addition of CBH Medical, PC and SM Dental, PC as "Defendants" on the Docket Report, without an Order from this Court, is improper. The Clerk of the Court is directed to terminate these entities as defendants herein and to strike counsel's Notice of Appearance.

Consequently, counsel's request for leave to file a dispositive motion is denied.

### III. STATUS OF SERVICE UPON DANA

On October 3, 2019, the Oneida County Attorney's Office responded to the Court's September 2019 Order. Dkt. No. 28. Counsel advised that their office would not provide representation for Dana and noted that "there has never been a Nurse Dana" at Oneida County C.F. *Id.*

Under *Valentin*, a pro se litigant is entitled to assistance from the district court in identifying a defendant for service of process. *See Valentin v. Dinkins*, 121 F.3d 72, 75–76 (2d Cir. 1997). Although the Amended Complaint provides the name of the defendant and an acknowledgment of service was filed, there appears to be some uncertainty as to the existence and identity of the named defendant. To complicate matters, Plaintiff is no longer incarcerated at Oneida County C.F. Accordingly, the Court instructs the Oneida County Attorney's Office to conduct the necessary inquiry and provide the full name of the nurse who

4

provided medical treatment to Plaintiff on August 30, 2018.[3]

## IV. PLAINTIFF'S FAILURE TO COMPLY WITH LOCAL RULE 10.1(c)(2)

Finally, the Court must address Plaintiff's failure to notify the Court of his current address. The Local Rules of the Court require that "[a]ll ... pro se litigants must immediately notify the Court of any change of address." N.D.N.Y. L.R. 10.1(c)(2) (emphasis omitted). The Court expressly informed Plaintiff of this requirement in the February 2019 Order. Dkt. No. 14 at 9 ("Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any changes in his address; their failure to do so will result in the dismissal of his action." (emphasis in original).

For the orderly disposition of cases, it is essential that litigants honor their continuing obligation to keep the court informed of address changes. To that end, the Clerk of the Court is directed to serve a copy of this Order, a change of address form, and a copy of the docket sheet on Plaintiff at the address listed above, by regular mail. Plaintiff must file a change of address within **thirty (30) days** and he must continue to submit any address changes to the Court as long as his action is pending.

If Plaintiff fails to comply with this Court's Order within the time period prescribed herein, the action will be **dismissed** in its entirety, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, based upon Plaintiff's failure to prosecute and to comply with this Court's orders and local rules of practice without further order of this Court.

## V. CONCLUSION

---

[3] Because the failure to serve the defendant within the 120 days contemplated by Federal Rule of Civil Procedure 4(m) is not the result of Plaintiff's lack of effort, the Court finds that good cause has been shown to extend the date of service. Fed.R.Civ.P. 4(m).

5

**WHEREFORE**, it is hereby

**ORDERED** that the Clerk of the Court is directed to terminate CBH Medical, PC and SM Dental, PC as defendants; and it is further

**ORDERED** that the Clerk of the Court shall strike the Notice of Appearance entered on September 23, 2019 (Dkt. No. 26) from the Docket Report; and it is further

**ORDERED** that counsel's motion for leave to file a dispositive motion or for an extension of time to file an answer (Dkt. No. 27) is **DENIED**; and it is further

**ORDERED** that the Oneida County Attorney's Office is hereby requested to produce the information as specified above, to the extent that it can, regarding "Dana" within thirty (30) days of the filing date of this Decision and Order. The information should be sent to the Clerk of the Court for the Northern District of New York along with a copy of this Decision and Order, as well as to Plaintiff at his address of record. Once this information is provided, the Clerk shall return this file to the Court for further review; and it is further

**ORDERED** that Plaintiff must file a notice of change of address within **thirty (30) days** and he must continue to submit any address changes to the court as long as his action is pending; and it is further

**ORDERED** that if Plaintiff fails to comply with this Court's Order, the action will be **DISMISSED** in its entirety, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, based upon Plaintiff's failure to prosecute and to comply with this Court's orders and local rules of practice; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Decision and Order, a change of address form, and a copy of the docket sheet on Plaintiff in accordance with the

Local Rules.

Dated: October 9, 2019
       Syracuse, NY

_Glenn T. Suddaby_
Hon. Glenn T. Suddaby
Chief U.S. District Judge